**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| PATRICK GLENN COLE, | ) | |
| ID # 23028-077, | ) | |
| Movant, | ) | No. 3:14-CV-1439-K-BH |
| vs. | ) | No. 3:92-CR-0226-T |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** with prejudice as barred by the statute of limitations.

**I.  BACKGROUND**

Patrick Glenn Cole ("Movant"), an inmate in the federal prison system, mailed his *Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* ("Mot.") on April 17, 2014. (Mot. at 20).   The respondent is the United States of America ("Government").

On July 30, 1992,  Movant was sentenced to a total of 240 months' imprisonment after pleading guilty pursuant to a plea agreement to: (1) two counts of obstructing or affecting commerce through robbery; (2) using a firearm during the commission of a crime of violence; and (3) being a felon in possession of a firearm. (*See* doc. 1).  Movant did not appeal his convictions or sentence.

In 2002, while he was a state inmate serving a separate state sentence, Movant filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Southern District of Texas, where he was incarcerated, challenging the administration of his federal sentence. *See Cole v. Director, Bureau*

*of Prisons*, No. 4:-2-CV-3056 (S.D. Tex. March 21, 2003). Among other things, he argued that his due process rights had been violated because he was not serving his federal and state sentences concurrently, even though the state court judgment expressly provided for the sentences to be served concurrently. In dismissing his habeas petition, the federal court noted that the federal judgment was silent on the issue, but that the federal judge who sentenced Movant had since stated that his intent was to have the sentences served consecutively, not concurrently. The district court then ruled that Movant's due process rights had not been violated because a federal sentence is presumed to run consecutively where the judgment is silent, and because federal courts in the Fifth Circuit have the power to order a sentence to run consecutive to a state sentence yet to be imposed. (*Id*., doc. 11).

In 2012, Movant filed a second § 2241 petition in the District of Oregon, again challenging the computation of his sentence. It was dismissed as successive. *See Cole v. Thomas*, No. 3:12-CV-412-ST (D. Ore. Apr. 16, 2012).

In his current § 2255 motion, Movant asserts that: (1) his defense attorney provided ineffective assistance of counsel during plea negotiations by failing to ensure that his state and federal sentences would be served concurrently; (2) his guilty plea was involuntary because he was assured that his state and federal sentences would run concurrently; and (3) his due process rights have been violated because his sentences have not run concurrently. (Mot. at 5-8). The Government filed a response on April 29, 2014, asserting that the § 2255 motion is barred by the relevant statute of limitations. (*See* doc. 9). Movant filed a reply brief on May 29, 2014. (*See* doc. 11).

## II. STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v.*

2

*United States*, 545 U.S. 353, 356 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). However, because Movant's conviction became final prior to the 1996 enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), he had a one-year grace period, until April 24, 1997, to file his § 2255 motion. *See United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Movant filed his § 2255 motion over seventeen years later. Therefore, his motion is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi*

3

*v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Movant asserts that the statute of limitations should be equitably tolled because he has been diligently pursuing his rights by making inquiries about his sentences and filing two earlier § 2241 petitions, because he was unable to exhaust his administrative remedies until he was in federal custody beginning in 2009, and because he has moved between facilities numerous times since his conviction, including a state super-segregated prison. (Mot. at 13-13(f); Reply at 1-2). Movant may not have been aware when he was initially incarcerated in state prison that his sentences were not going to run concurrently. However, Movant was aware that his sentences were not running concurrently and that these circumstances would not change no later than March 31, 2003, when his habeas petition was denied by the Southern District of Texas. Furthermore, although Movant asserts that he was unable to exhaust administrative remedies while in state incarceration, § 2255 motions do not require that any administrative remedies be exhausted. Movant is challenging his federal sentence, not the administration of the sentence. The district court in the Southern District of Texas

4

did not require that Movant exhaust administrative remedies before considering his federal petition on its merits.  Finally, the fact that Movant has changed prison facilities several times does not excuse him waiting over 10 years after his § 2241 petition was denied in 2003 before filing a § 2255 motion challenging his guilty plea and asserting ineffective assistance of counsel.  To the extent that Movant is asserting that he was ignorant of the requirement that he had a one-year limitations period to file a § 2255 motion, neither ignorance of the law nor "garden variety claims of excusable neglect" warrant equitable tolling.  *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000).

Given the number of years that have passed after Movant became aware of the facts on which he relies, he has failed to establish that he diligently pursued his rights as required by Supreme Court case law.  *See Holland*, 130 S.Ct. at 2562.  Because Movant has not met his burden to establish circumstances warranting equitable tolling, the Court should deny his motion to vacate as untimely.

### III.  RECOMMENDATION

The Court should find Movant's motion to vacate, set aside, or correct sentence barred by the statute of limitations and **DENY** it with prejudice.

**SIGNED this 3rd day of June, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE